**FILED**
**APR 3 0 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN J. BECKER, )
)
Plaintiff, )
)
v. ) Civil Action No. **12 0680**
)
SHELITA N. PARHAM, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* "Notice of Removal," which is construed as a Complaint. The application will be granted, and the complaint will be dismissed.

On the defendant's petition, the Superior Court of the District of Columbia issued a civil protection order against the plaintiff. *See* Compl. (unnumbered cover page); *see id.*, Ex. (Petition and Affidavit for Civil Protection Order, *Parham v. Becker*, No. 2011 CPO 184 (D.C. Super. Ct. filed Jan. 18, 2011)). A hearing on the extension of the civil protection order was to be held on February 6, 2012 at which the plaintiff intended to represent himself without the assistance of counsel.[1] *Id.* According to the plaintiff, he "could not be heard during the hearing because of [the presiding judge's] emotional outburst, rants, and constant threats of contempt of court with jail time for failing to accept counsel." *Id.* at 1. The plaintiff has concluded that the he "can't be heard in the Superior Court," and thus is denied "the right of due process." *Id.* at 7. He demands that this matter be removed to federal court, that the civil protection order be vacated, and that "a Prohibitory Injunction Order [be] issued against the Defendant." *Id.* at 8.

---

[1] The plaintiff also was to be arraigned on a charge of criminal contempt. *See* Compl., Ex. (Transcript of proceedings on February 6, 2012) at 9:12-14, 22:24-23:7.

protection order be vacated, and that "a Prohibitory Injunction Order [be] issued against the Defendant." *Id.* at 8.

Notwithstanding the plaintiff's characterization of his pleading as a notice for removal, in essence, the plaintiff asks this Court to review and reverse the decision of a Superior Court judge. This Court has no such jurisdiction, and declines to intervene in a matter pending before the Superior Court. *See, e.g., Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Accordingly, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately.

DATE: April 21, 2012

/s/ Colleen Kollar-Kotelly
United States District Judge